**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TYNIKA M. MUNN,

      Plaintiff,

                                Case No. 3:26-cv-34-MMH-LLL

v.

FORD MOTOR CREDIT COMPANY,

      Defendant.
_____/

**O R D E R**

      **THIS CAUSE** is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3; Motion) filed on January 7, 2026. Simultaneously with the Motion, Plaintiff, who is proceeding pro se, filed a Complaint for a Civil Case (Doc. 1; Complaint) and a request to proceed in forma pauperis (Doc. 2). Although vague and difficult to decipher, it appears from the Motion and Complaint that Plaintiff is challenging the validity of an installment contract concerning her purchase of a vehicle. In the Motion, Plaintiff seeks the entry of a temporary restraining order prohibiting Defendant "from furnishing negative or adverse credit information, reporting the account as late or delinquent, or engaging in collection or

1

enforcement activity related to the disputed auto loan at issue." See Motion at 2. Upon review, the Motion is due to be denied.

Requests for temporary restraining orders or preliminary injunctive relief must comply with Rule 65 of the Federal Rules of Civil Procedure (Rule(s)) and Local Rules 6.01 and 6.02 of the United States District Court, Middle District of Florida (Local Rule(s)). Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 6.01(a) requires that a motion for temporary restraining order include, among other things: "specific facts—supported by a verified complaint, an affidavit, or other evidence—demonstrating an entitlement to relief," "a precise and verified description of the conduct and the persons subject to restraint," "a precise and verified explanation of the amount and form of the required security," "a supporting legal memorandum," and "a proposed order." Local Rule 6.01(b) sets out the requirements for the legal memorandum which must establish:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
> (3) the harm that might result absent a restraining order, and
> (4) the nature and extent of any public interest affected.

Pursuant to Local Rule 6.02, motions for preliminary injunction must comply with Local Rule 6.01(a) and (b) as well. See Local Rule 6.02(a)(1).

Here, Plaintiff's Motion fails to comply with nearly all of the applicable rules. In the Motion, Plaintiff recognizes the factors for injunctive relief but fails to provide any substantive analysis of her likelihood of success on the merits,[1] irreparable harm,[2] the potential harm to Defendant, or the effect on the public interest. Indeed, Plaintiff does not include any memorandum of law or citation to legal authority supporting the relief she seeks. Nor does Plaintiff address the amount and form of the required security. She also fails to provide a proposed order. Most significantly, Plaintiff does not submit "a verified complaint, an affidavit, or other evidence" demonstrating an entitlement to the

---

[1] Notably, Plaintiff asserts that she "is likely to succeed on the merits of her claims under the Truth in Lending Act and the Fair Credit Reporting Act," see Motion at 2, but she pleads no such claims in the Complaint. See Complaint at 4. Indeed, Plaintiff fails to allege any discernible cause of action in the Complaint. Id.

[2] Significantly, to the extent Plaintiff seeks a temporary restraining order, she fails to address why notice to Defendant is impractical. See Local Rule 6.01(b)(2). Although Plaintiff asserts that she faces imminent and irreparable harm, she makes no attempt to show that such harm will occur before Defendant can be heard in opposition as necessary to warrant the issuance of a temporary restraining order. See Rule 65(b)(1).

extraordinary, emergency relief she seeks.[3]  See Local Rule 6.01(a)(2); Rule 65(b)(1)(A); see also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) ("In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy . . . .'" (citation omitted)).  In light of the foregoing, the Court finds that Plaintiff has not met her burden of establishing an entitlement to a temporary restraining order or preliminary injunctive relief and the Motion is due to be denied.  See McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 878 (11th Cir. 2011).  Accordingly, it is

**ORDERED**:

Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of January, 2026.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

---

[3] Indeed, Plaintiff does not merely fail to verify the Complaint, she fails to sign the document at all contrary to the requirements of Rule 11(a).  See Complaint at 5.  The Motion is also unsigned.  See Motion at 2.  The Court notes that Plaintiff submits documentary evidence with the Complaint and Motion.  However, Plaintiff does not explain how this evidence, which appears to consist primarily of her correspondence with Defendant and others, demonstrates an entitlement to any relief.

lc11
Copies to:

Pro Se Parties